UNITED STATES BANKRUPTCY COURT

Western District of Kentucky

In Re    <u>Charlene A. Causey</u>                                   Case No.   <u>17-33424</u>
Debtor(s)                                                             Chapter    <u>13</u>

## CHAPTER 13 PLAN
1% Plan

**NOTICE TO CREDITORS:** This plan may modify your rights.  If you oppose any provision of the plan you must file an objection with the Bankruptcy Court by the deadline fixed by the Court. If you do not file a timely objection, you will have accepted the terms of the Plan, and the Plan can be confirmed and the motions granted without further notice or hearing.

*Reference to "Debtor" herein shall include both debtors in joint case.*

1. **Payments to the Trustee.**  The Debtor shall pay to the Trustee the sum of **$477.00** per month for **60 months.**

    a.    Total of plan payments: **$28,620.00**

    b.    Plan payments shall be made directly to the Trustee.

2. Allowed Claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a.    Secured creditors shall retain their mortgage, lien or security interest in the collateral until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b.    Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in proof of claims to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c.    All priority creditors under 11 U.S.C. §507 shall be paid in full in deferred cash payments.

3.    From the payments received under the plan, the trustee shall make disbursements as follows:

a.    Administrative Expenses

   (1)    Trustee's Fee: The percentage fee payable to the Trustee shall be paid before or at the time of each payment to creditors and other claimants. The Trustee is authorized to collect the statutory percentage fee at the time of the distribution of pre-confirmation adequate protection payments. The percentage fee is fixed by the United States Trustee and cannot be modified by the plan.

        (2)      Attorney's Fee: The amount of attorney's fee to be paid through the plan is **$3,750.00.**

b.    Priority Claims under 11 U.S.C. § 507

        (1)      Taxes Owed To Governmental Units

                -NONE-

        (2)      Other Priority Claims.

                **-NONE-**

c.    Secured Claims

        (1)      Pre-Confirmation Adequate Protection Payments.  Pre-Confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

                **Global Lending Services  -$125.00**

        (2)      Secured Debts Which Will Not Extend Beyond the Length of the Plan.

                (a)      **Secured Claims Valued Under § 506.**   The Debtor moves the Court to value the collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments as set forth below, until the secured value or the amount of claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| **Global Lending Services** | **$12,529.00** | **$239.00** | **5.5%** |

                (b)      **Secured Claims Not Valued Under § 506.** Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|

        **-NONE-**

        (3)      Secured Debts Which Will Extend Beyond the Length of the Plan.

        Name      Amount of Claim      Monthly Payment      Interest Rate (if specified)

        **-NONE**

    **d.**    Unsecured Claims

        (1)      Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

        Name      Amount of Claim      Interest Rate (if specified)

        **-NONE**

        (2)      General Nonpriority Unsecured: Other unsecured debts shall be paid **1 cent on the dollar** and shall be paid pro rata, with no interest if the creditor has no Co-Obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

4.    The Debtor proposes to cure defaults to the following creditors by means of monthly payments to the Trustee:

    Name      Amount of Default to be Cured      Interest Rate

    **-NONE-**

5.    The Debtor shall make regular payments directly to the following creditors:

    Name      Amount of Claim      Monthly Payment      Interest Rate

    **US Dept. Of Education/MOHELA**      $23,634.56      Deferred

6.    The following executory contracts of the debtor are rejected:

    Other Party      Description of Contract or Lease

    **-NONE-**

7.    Property to Be Surrendered to Secured Creditor

    Name      Amount of Claim      Description of Property

    **-NONE-**

8.    The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    Name      Amount of Claim      Description of Property

    **-NONE-**

9.    Title to the Debtor's property shall revest in the debtor on confirmation of a plan.

10.    If at any time during the life of the plan an order terminating the automatic stay is entered, no further

      distributions shall be made to the Creditor until such time as an amended claim for any deficiency is filed and allowed. Any allowed claim for deficiency shall be treated as a general unsecured claim.

11.    An order of the Bankruptcy Court supercedes any provision of the plan which is in conflict with the Order.

Dated: **November 3, 2017**　　　　　　　　Signature: **/s/ Charlene A. Causey**
　　　　　　　　　　　　　　　　　　　　　　　　　Debtor